### JACOB DIEFENDORF vs. HENRY ELWOOD and others.

A declaration with notice to plead, made out and delivered to the sheriff for service, on the 1st of June last, but which was not actually served on the Defendant until the 15th July following, *held* that no suit was commenced before the 1st of July, and that after that time no suit could be commenced except in conformity to the provisions contained in the code of procedure—declaration, &c., set aside.

*Section* 151 of the code in relation to disregarding errors and defects in the pleadings, or proceedings, which do not affect the substantial rights of the adverse party, *held*, not applicable to the proceedings in such a case.

*Special Term, at chambers, city of Schenectady, Aug.* 22, 1848. In this suit a declaration was made out and filed on the 29th May, 1848, and copies of the same were handed to the deputy sheriff of Montgomery county on the 1st day of June, 1848, with the usual notices to plead endorsed, to be served on the Defendants, but they were not actually served until the 15th day of July last. The Defendants now move to set aside the proceedings on the ground that the suit should have been

commenced by summons and complaint, as required by the Code of Procedure, and not by declaration.

B. F. POTTER, *for Defendants.*

T. B. MITCHELL, *for Plaintiff.*

PAIGE, Justice.—The Code of Procedure relates to civil actions commenced after the act took effect. (Section 8.) The act took effect on the 1st day of July, 1848, (sec. 391, Laws of 1848, p. 565.) The 106th section of the code provides that civil actions in Courts of Record shall be commenced by the service of a summons; and section 109 requires that a copy of the complaint shall be served with the summons. By section 118 all the forms of pleading heretofore existing are abolished. Section 132 declares that no other pleading shall be allowed than the complaint, demurrer, answer and reply; and section 133 provides that every pleading must be subscribed by the party or his attorney, and that the complaint, answer and reply must be verified by the party, his agent or attorney, to the effect that he believes it to be true.

The question presented by this motion is, was this suit commenced before the code took effect? If it was not commenced before that time, the proceedings must be set aside, as, since the code took effect, civil actions must be commenced by the service of a summons. The Revised Statutes (2d vol., 347, sec. 1) declare that actions may be commenced by filing a declaration, entering a rule to plead, and serving a copy of the declaration and notice of such rule personally on the Defendant. The rule to plead was dispensed with by act of 1840. (Stat. 1840, p. 333, sec. 14.) In 15 Wen. 554, in 6 Hill, 11, and in 2 Denio, 196, it was distinctly held that no suit was commenced until the declaration was actually served on the Defendant. I am aware that the filing of the declaration and entry of a rule to plead, have been held so far a commencement of a suit, as to render a tender before the service of the declaration void without the payment of the costs incurred, and as to deprive the Defendant of the right to give in evidence in mitigation of damages a return of the property before the service of the declaration. (17 Wen. 91; 19 Wen. 304.) But these cases were explained and qualified by the cases in 6 Hill, 11, and 2 Denio, 196. And the two latter cases must be regarded as furnishing the settled rule on the subject. I must, therefore, hold that in this case no suit was commenced before the 1st of July, and the declaration must consequently be set aside. *Section* 151 of the code in relation to disregarding errors and defects in the pleadings or proceedings, which do not affect the substantial rights of the adverse party, is not, in my judgment, applicable to the proceedings in this case. A rule must be entered, setting aside the declaration and subsequent proceedings.